**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| OLUFOLAJIMI ABEGUNDE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Cv. No. 2:22-cv-02879-SHL-atc |
| v. | ) | Cr. No. 2:17-cr-20238-07-SHL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

On December 30, 2022, Movant Olufolajimi Abegunde, filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (ECF No. 1.) On January 19, 2023, Abegunde filed a Memorandum of Law in Support of Motion Under 28 U.S.C. Sec. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Legal Memorandum"). The Legal Memorandum was 242 single-spaced pages and was accompanied by 143 pages of supporting documents. The Court issued an order on January 26, 2023, that, inter alia, struck the memorandum because an order had been issued in the criminal case denying leave to exceed the page limitation in Local Rule 7.2(e) and because he had not shown good cause for submitting a memorandum of that extraordinary length. (ECF No. 8.) The Court granted Abegunde leave to submit a memorandum of fifty double-spaced pages, excluding the caption and signature page. (Id. at 647.)

On February 21, 2023, Abegunde filed a Motion for the Reinstatement and Utilization of Movant's Original Oversized Memorandum of Law in Support of Movant's § 2255 Petition. (ECF No. 12.) The Court denied that motion, finding that Abegunde had not shown good cause

as to why he needed to submit a memorandum five times the length of the oversized

memorandum the Court had already approved.  (ECF No. 13.)  The Court then granted

Abegunde's motion seeking an extension of time to submit the amended memorandum,  setting a

due date of June 26, 2023.  (ECF No. 18.)  The day after that deadline expired, Abegunde sought

another extension, this one of ninety days.  (ECF No. 19.)  Abegunde failed to file the amended

memorandum, and, on December 18, 2024, the Court granted his motion and gave him until

January 17, 2025, in which to file the amended memorandum.  (ECF No. 21.)  On January 17,

2025, Abegunde filed his amended memorandum, and, although the document was fifty pages

long, it was less than double spaced, and had 144 pages of attachments.  (See ECF No. 23.)

In his petition and in his supporting memorandum, Abegunde alleged three different

Brady violations, five ways in which his appellate counsel provided ineffective assistance, and

two ways in which his trial counsel provided ineffective assistance.  (ECF No. 1; ECF No. 23.)

He asserted that he had a future sentence that he was challenging after the judgment, but did not

explain what that sentence was.  (ECF No. 1 at PageID 14.)  As the Court noted in one of its

previous orders, Abegunde was released from custody on February 22, 2023, about three months

after he filed his petition. (ECF No. 21 at PageID 688 n.1 (citing

https://www.bop.gov/mobile/find_inmate/byname.jsp (click "Find By Name"; then type

"Olufolajimi" in the first name field and "Abegunde" in the last name field; then click

"Search.").)  The Court explained that, "[t]ypically, petitioners no longer in custody cannot be

granted relief under § 2255."  (Id. (citing Pilla v. United States, 668 F.3d 368, 372 (6th Cir.

2012).)  Nevertheless, because Abegunde also was sentenced to three years of supervised release

related to his underlying convictions, the Court explained that the "in custody requirement of §

2

2255" was satisfied.  (Id. (citing United States v. Holley, No. 23-5903, 2024 WL 4554805, at *3 (6th Cir. Sept. 24, 2024).)

During the pendency of his petition, however, the substance of Abegunde's § 2255 Motion became moot as his supervised release term also expired.  "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" Hollingsworth v. Perry, 570 U.S. 693, 704 (2013) (citing U.S. Const., art. III, § 2).  This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there."  Fialka-Feldman v. Oakland Univ. Bd. of Trs., 639 F.3d 711, 713 (6th Cir. 2011).

The mootness question turns on whether a federal court can afford a litigant any "effectual relief."  Coalition for Gov't Procurement v. Fed. Prison Indus., Inc., 365 F.3d 435, 458 (6th Cir. 2004).  "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction."  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Here, Abegunde has served the custodial sentence as well as his term of supervised release.  "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction— must exist if the suit is to be maintained."  Id.

Here, Abegunde's petition and supporting memorandum do not suggest that there is any collateral consequence of his conviction that still exists after his supervised release expired. Accordingly, judgment on Abegunde's behalf would not benefit him in any way.  Therefore, the

Court **DENIES** the § 2255 Motion.  The § 2255 Motion is **DISMISSED WITH PREJUDICE**.

Judgment shall be entered for the United States.

        **IT IS SO ORDERED**, this 11th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
